**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| DENTAL CHOICE HOLDINGS LLC, ) | |
| ) | Civil Action No.:  3:25-cv-665-DJH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL REQUESTED** |
| NEW AGE PERFORMANCE INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**INTRODUCTION**

1.      This action arises out of Defendant New Age Performance Inc.'s ("**New Age**" or "**Defendant**") recent, baseless claims of patent infringement against the products of Plaintiff Dental Choice Holdings LLC ("**Dental Choice**" or "**Plaintiff**") leading to the wrongful takedown of those products, including from Amazon.com.

2.      The dispute involves mouth guards (marketed as "mouthpieces") and related technology. Both parties sell mouthpieces, which are shown and described in more detail below. Dental Choice has vehemently denied, and continues to deny, its products infringe the patent or trade dress being asserted by New Age. However, as explained more fully below, due to New Age's recent resumption of de-listing of Dental Choice's products, Dental Choice seeks relief from this Court.

3.      Two years ago, Dental Choice had listed certain of its products on Amazon.com. New Age complained to Amazon.com that Dental Choice's products infringed U.S. Patent 9,022,903 (the "**'903 Patent**," attached as **Exhibit 1**), prompting Dental Choice to seek relief from this Court with a suit similar to this one. *See Dental Choice Holdings, LLC v. New Age*

*Performance, Inc.*, 3:23-cv-00458-DJH (the "**2023 Suit**"). Dental Choice voluntarily dismissed that case before a decision on the merits, opting instead for an administrative solution to address its concerns. The allegations of the 2023 Suit's Complaint (2023 Suit Dkt. 1) are incorporated herein by reference.

4.      Dental Choice requested an administrative review of the validity of the '903 Patent with the USPTO. More specifically, Dental Choice requested an *ex parte* reexamination of all the claims of the '903 Patent,[1] alleging to the USPTO that all the claims of the '903 Patent were unpatentable over certain prior art. The USPTO granted Dental Choice's request, finding that Dental Choice had raised a "substantial new question of patentability affecting claims 1-24" of the '903 Patent. February 2024 Order Granting Request for *Ex Parte* Reexamination (attached as **Exhibit 2**).

5.      The USPTO's reexamination has not gone well for New Age or for the claims of the '903 Patent. To date, and based upon the USPTO's actions and decisions, New Age has *voluntarily* amended all the independent claims of the '903 Patent—including the claims New Age previously asserted against Dental Choice—in a bid to preserve narrower claims. Stated differently, the proceedings in and decisions of the USPTO have confirmed Dental Choice's contentions: the original claims of the '903 Patent, as asserted against Dental Choice by New Age, were not patentable as originally issued.

6.      By amending the '903 Patent's claims during *ex parte* reexamination, New Age has created an irrebuttable presumption that those claims—as originally issued—were not patentable.

---

[1] "*Ex parte* reexamination" is a process by which the USPTO reassesses the validity of already-issued patent claims. 35 U.S.C. §§ 301-07. During that reassessment, the patentee is permitted to voluntarily narrow its claims through amendments. However, if the patentee amends its claims to avoid a prior art rejection, the original claims become unenforceable.

7.      Furthermore, by voluntarily amending the claims of the '903 Patent, New Age has knowingly forfeited its right to enforce those claims.

8.      Based on these facts, as well as the USPTO's entry of a Final Rejection as to the '903 Patent claims previously asserted by New Age (the rejection addressing the amended claims), Dental Choice re-listed on Amazon.com some of the same products that New Age had previously attacked using the '903 Patent.

9.      On or about August 1, 2025, Dental Choice listed two of the Accused Products (as defined below) on Amazon, and on August 12, 2025, the third of the Accused Products was re-listed after a previous takedown.

10.      Unfortunately, Dental Choice's products were only "up" on Amazon.com for less than two months before being taken down due to New Age's renewed and baseless infringement complaints to Amazon.

11.      On information and belief, these takedown complaints were based entirely on the '903 Patent as originally issued and did not disclose that the '903 Patent's claims are no longer enforceable due to New Age's amendments to those claims.

12.      The takedown complaints resulted in the prompt removal of Dental Choice's product listings from Amazon.com.

13.      As a direct consequence of New Age's willful, intentional, and bad-faith actions, Dental Choice's products were *again* de-listed from Amazon.com.

14.      New Age filed its most recent takedowns with knowledge of its voluntary amendments to the '903 Patent during reexamination and with knowledge that, even as amended, those claims were finally rejected as invalid by the USPTO.

3

15.     Additionally, because New Age is asserting original claims of the '903 Patent that it knows have been amended and deemed unpatentable, New Age is misusing the '903 Patent (as originally issued) and engaging in unfair competition.

16.     New Age's infringement claims are baseless because it voluntarily amended the very patent claims it asserts against Dental Choice's products. As a result, those original claims are no longer enforceable.

17.     Even as amended, the claims were rejected as unpatentable by the United States Patent and Trademark Office ("**USPTO**") within an *ex parte* reexamination process ordered by the USPTO in response to a request filed by Dental Choice.

18.     New Age is well aware that the issued patent claims it has asserted against Dental Choice's products are both invalid and no longer enforceable. Nevertheless, New Age continues to assert them, in violation of Dental Choice's rights and to the serious detriment of Dental Choice's business and reputation.

19.     Dental Choice brings this suit because, even though New Age voluntarily amended the claims of the '903 Patent during reexamination, it has nevertheless asserted the unamended original '903 Patent claims against Dental Choice's products.

## PARTIES, JURISDICTION, AND VENUE

20.     Plaintiff Dental Choice Holdings LLC is a Kentucky Limited Liability Company having a principal place of business at 10100 Linn Station Road, Louisville, Kentucky 40223, which is located in Jefferson County, Kentucky.

21.     On information and belief, Defendant New Age Performance Inc. is an Ontario Business Corporation existing under the laws of the Province of Ontario, Canada, having a

principal place of business at 1102 Aerowood Drive, Mississauga, Ontario L4W 2S7, Canada, which is located in York County, Ontario.

22.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 2201, 2202, and 1338, as this is a declaratory judgment action arising under the Patent Laws of the United States, Title 35 of the United States Code.

23.    This Court also has subject-matter jurisdiction under 28 U.S.C. §§ 2201, 2202, and 1121, as a declaratory judgment action arising under the Lanham Act, Title 15 of the United States Code.

24.    The Court has subject-matter jurisdiction over the state-law claims asserted below under 28 U.S.C. § 1367(b) because the actions underlying those claims are part of the "same case or controversy under Article III," *id.*, as the claims within this Court's original jurisdiction.

25.    This Court has personal jurisdiction over New Age for at least the reason that New Age has undertaken actions within this District and its Louisville jury division, specifically directed at Dental Choice, to enforce the '903 Patent. Such actions include hiring an in-forum attorney as the correspondence address with the United States Patent and Trademark Office to maintain the '903 Patent (Stites & Harbison, PLLC of Louisville), and another, different, in-forum attorney for enforcement of the '903 Patent against Dental Choice (Duncan, Galloway Greenwald PLLC of Louisville). New Age has also directed its enforcement actions at Dental Choice in this District, by filing various complaints, including with Amazon.com, asserting the '903 Patent and resulting in the "takedown" of Dental Choice products over Dental Choice's objections.

26.    Venue is proper in this District under 28 U.S.C. § 1391(c)(3).

27.    Venue is also proper in this District under 28 U.S.C. §§ 1391(b)(2) and (b)(3).

## FACTUAL ALLEGATIONS

### BACKGROUND

28.    Dental Choice offers for sale, and sells, in this District and elsewhere in interstate commerce, AIRWAAV® Performance Mouthpieces, a line of sports training and competition mouthpieces marketed toward high-intensity and endurance athletes, and endorsed by former world champion strongmen, powerlifters, and baseball players.

29.    Dental Choice's AIRWAAV® Performance Mouthpieces are configured to direct the wearer's tongue down and forward when the wearer gently bites down, creating an airway opening.

30.    Dental Choice's AIRWAAV® Performance Mouthpiece line of products includes a number of different products, including:

a.    AIRWAAV® RX1 RECOVERY MOUTHPIECE FOR SLEEP (the "**RECOVERY**"), previously offered on at least Amazon.com under Amazon Standard Identification Numbers (ASINs) B0CF2KBX21 and B0DKG7TBDW, an image of which is shown here:



b.  AIRWAAV® PERFORMANCE HYBRID PACK - MAYHEM EDITION, a set of two mouthpieces previously offered on at least Amazon.com under ASIN B0BSYK7VRC, images of which are shown here:



These products are collectively referred to herein as the "**Accused Products**."

31.    New Age, a competitor of Dental Choice in the sale of mouth pieces, offers to sell, and sells, its own line of mouthpieces under at least the names 5DS and 6DS, images of which are shown here, 5DS (left), 6DS (right):



32.    On information and belief, at all relevant times herein, New Age has been and still continues to be the owner of the '903 Patent.

33.    As recited in the 2023 Complaint, New Age first asserted the '903 Patent against AIRWAAV® products on or about May 26, 2023 (albeit against different products than the Accused Products), when it sent the 2023 Demand Letter, 2023 Suit Dkt. 1, Ex. 2 (attached as **Exhibit 3**) asserting infringement of Claim 1 and Claim 2 of that patent as well as of New Age's alleged trade dress, to Dental Choice. Around the same time, New Age filed infringement complaints with Amazon against Dental Choice AIRWAAV® products.

34.    Dental Choice responded by explaining to both New Age and Amazon why its AIRWAAV® products did not infringe the asserted claims of the '903 Patent. Dental Choice's products were temporarily re-listed on Amazon before New Age initiated an Amazon Patent Evaluation Express proceeding, which resulted in a subsequent takedown of the AIRWAAV® products without a merits decision as to infringement.

35.    On September 5, 2023, Dental Choice filed the 2023 Suit in this District and, shortly thereafter, filed for a preliminary injunction to enjoin New Age's attempts to enforce the '903 Patent. 2023 Suit, Dkts. 1, 8.

36.    In January 2024, Dental Choice filed a request with the USPTO for *ex parte* reexamination of the '903 Patent. *See* Patent File Wrapper for USPTO Application No. 90/019,376.[2] In general, the basis for the *ex parte* reexamination was that ALL claims of the '903 Patent, including claims 1 and 2, were and are unpatentable/invalid in view of one or more prior art references.

37.    The USPTO agreed with Dental Choice, finding that its request raised "a substantial new question of patentability" as to all claims of the '903 Patent and granting *ex parte* reexamination. *See* February 2024 Order Granting Request for *Ex Parte* Reexamination, Ex. 2 at p. 2.

38.    In February 2024, following institution of the *ex parte* reexamination but before a decision on the motion for a preliminary injunction, Dental Choice voluntarily dismissed the 2023 Suit without prejudice.

---

[2] Available at: https://data.uspto.gov/patent-file-wrapper/search/details/90019376/application-data

39.    During reexamination, the USPTO Rejected nearly all claims of the '903 Patent as unpatentable over prior art. November 21, 2024 Non-Final Rejection (attached as **Exhibit 4**).

40.    New Age has conceded that the originally-issued claims of the '903 Patent are invalid by voluntarily amending each independent claim of the '903 Patent in order to avoid prior art rejections advanced by the USPTO.

41.    New Age was not required to amend the '903 Patent's claims. It could have held fast to the claims as originally issued and appealed the USPTO's original prior art rejections. But instead, it chose to amend.

42.    By amending the '903 Patent's original claims in response to a prior art rejection, New Age has created an irrebuttable presumption that the original claims were unpatentable.

43.    New Age's amendments were insufficient to avoid the USPTO's Final Rejection of most of the '903 Patent's claims. *See* June 17, 2025 Final Rejection (attached as **Exhibit 5**).

44.    New Age has appealed the Final Rejection to the Patent Trial and Appeal Board. However, even if the Board finds for New Age, the result would be allowance and re-issue of the '903 Patent's claims *as amended during reexamination*.

45.    Stated differently, *even if* New Age is issued a patent at the conclusion of the reexamination, its claims will not be identical to, and will differ substantively from, the original claims of the '903 Patent—although the original claims appear to be asserted by New Age against Dental Choice.

46.    For example, Claim 1 of the '903 Patent (hereinafter, simply "**Claim 1**") is reprinted here as originally issued:

> *A neuromuscular oral appliance for placement in a mouth of a user comprising:*
> *a channel with a base adapted to accept teeth from one of a lower jaw and an*
> *upper jaw of the mouth;*

> *wherein the channel is deformable to at least partially conform to a shape of the accepted teeth upon prior heating and subsequent cooling;*
>
> *a pliable, elastic bite pad extending opposite the channel, the pliable, elastic bite pad being adapted to contact teeth from the other of the lower jaw and the upper jaw when the oral appliance is placed in the mouth;*
>
> *wherein the pliable, elastic bite pad is adapted to partially collapse upon contact with the teeth such that a gap between the lower jaw and the upper jaw is maintainable within a predefined range; and*
>
> *wherein the channel includes two portions, each portion spanning at least from the first bicuspid to the second molar on opposite sides of the mouth and wherein the two portions are connected by a wire.*

47. During reexamination, New Age voluntarily amended Claim 1 to narrow it, in an effort to avoid Claim 1's rejection as unpatentable over prior art.

48. Following New Age's amendments, Claim 1 most recently stated as follows (underlined to show substantive, narrowing limitations voluntarily added by New Age during reexamination):

> *A neuromuscular oral appliance for placement in a mouth of a user comprising:*
>
> *a channel with a base adapted to accept teeth from one of a lower jaw and an upper jaw of the mouth;*
>
> *wherein the channel is deformable to at least partially conform to a shape of the accepted teeth upon prior heating and subsequent cooling;*
>
> *a pliable, elastic bite pad extending opposite the channel, the pliable, elastic bite pad being adapted to contact teeth from the other of the lower jaw and the upper jaw when the oral appliance is placed in the mouth;*
>
> ***wherein said channel and said bite pad are comprised at least in part of different materials;***
>
> *wherein the pliable, elastic bite pad is adapted to **not deform during said prior heating and subsequent cooling and to** partially collapse upon contact with the teeth such that a gap between the lower jaw and the upper jaw is maintainable within a predefined range; and*
>
> *wherein the channel includes two portions, each portion spanning at least from the first bicuspid to the second molar on opposite sides of the mouth and wherein the two portions are connected by a wire.*

49. New Age's amendments did not sway the USPTO. The USPTO rejected the narrowed Claim 1 as unpatentable under 35 U.S.C. § 103. Ex. 5, pp. 6-13.

50.     Indeed, the USPTO's Final Rejection was reviewed and signed by three (3) professionals at the USPTO; two Patent Reexamination Specialists as well as a Supervisory Patent Reexamination Specialist. Ex. 5, p. 27.

51.     Claim 2 of the '903 Patent was likewise rejected as anticipated by prior art under 35 U.S.C. § 102. Ex. 5, pp. 6-8.

52.     Therefore, on information and belief, at least Claim 1 and Claim 2 of the '903 Patent—in both their original and amended forms—are invalid over at least the prior art cited in the USPTO's Final Rejection. Ex. 5.

53.     Following the Final Rejection, counsel for Dental Choice sent a letter to counsel for New Age ("July 2025 Letter," attached as **Exhibit 6**), advising that, based on the Final Rejection and New Age's amendments to the claims during reexamination, the original claims of the '903 Patent were invalid and unenforceable, and that Dental Choice's products did not infringe on original Claims 1 and 2 of the '903 Patent.

54.     The July 2025 Letter further advised New Age's counsel that "any further or continued infringement accusations against [Dental Choice]'s products based on the '903 Patent will be considered to have been made in bad faith." Ex. 6.

55.     On or about August 1, 2025, Dental Choice sought to have two of the Accused Products, ASINs B0CF2KBX21 (RECOVERY single mouthpiece) and B0BSYK7VRC (PERFORMANCE two-pack), listed on Amazon for the first time.

56.     On or about August 12, 2025, Amazon re-listed the third of the Accused Products, ASIN B0DKG7TBDW (RECOVERY two-pack) in response to a letter from Dental Choice seeking its reinstatement following a past de-listing instigated by New Age.

57.     On or about September 25, 2025, Dental Choice received notice of patent infringement complaints made to Amazon.com seeking removal (*i.e.*, "takedowns") of the Accused Products (noted above) based on allegations by New Age that those products infringed the '903 Patent.

58.     Specifically, the complaint information provided to Dental Choice states that in Amazon complaint IDs 18541650661 and 18570518031 (the "**Amazon Complaints**," attached as **Exhibits 7 and 8**, respectively), New Age asserted infringement of the '903 Patent against Dental Choice and the Accused Products of ASINs B0BSYK7VRC (PERFORMANCE HYBRID PACK, '661 complaint) and B0CFKBX21 and B0DKG7TBDW (RECOVERY mouthpiece products, '031 complaint).

59.     The Amazon Complaints identify the '903 Patent as the basis for the takedowns of the Accused Products.

60.     Because the proposed amendments to the '903 Patent have not yet been allowed or granted, New Age's assertion of the '903 Patent appears to seek enforcement of that patent's original claims.

61.     The Amazon Complaints, as received by Dental Choice, do not identify which claim(s) of the '903 Patent the Accused Products are alleged to infringe.

62.     However, based on the 2023 Demand Letter, Ex. 3, New Age alleged that several of Dental Choice's products infringed claims 1 and 2 of the '903 Patent, as well as certain alleged trade dress.

63.     Thus, Dental Choice is led to believe that the Accused Products are alleged to infringe at least one or both of claims 1 and 2 of the '903 Patent, as originally issued.

64.    However, the Accused Products do not infringe any of the '903 Patent's original claims.

65.    Specifically, the Accused Products are designed not to collapse (partially or otherwise) upon compression, as recited in independent claims 1, 2, 10, 17, 20, and 23—that is, all independent claims of the '903 Patent—nor do the Accused Products include a "wire" as recited in independent claims 1 and 20.

66.    The remaining claims of the '903 Patent depend from one of the independent claims and further narrow those claims.

67.    Because the Accused Products do not infringe any of the '903 Patent's original independent claims, the Accused Products do not infringe *any* of the '903 Patent's original claims.

68.    Dental Choice's Accused Products identified in the Amazon Complaints have been taken down by Amazon, resulting in significant harm to Dental Choice—including in lost sales and in Amazon performance metrics that are critical to driving sales on Amazon.

69.    Thus, without any review—or without even having to file a lawsuit to obtain an injunction—New Age has been able to continue its extra-judicial efforts to prevent further sales of the Accused Products on Amazon.com, by wrongfully asserting claims New Age knows are not enforceable or valid.

70.    Consequently, at this time, the listing for each of Dental Choice's Accused Products is "down" on Amazon.com, preventing Dental Choice from marketing or selling the Accused Products on Amazon.com—causing financial losses, damage to goodwill, and loss of reputation.

71.    As a result of New Age's actions and statements, an actual and justiciable controversy exists regarding the alleged infringement by the Accused Products of the '903 Patent.

72. Absent relief from this Court, New Age will continue to wrongfully allege that the Accused Products infringe the '903 Patent and thereby cause Dental Choice continuous irreparable injury and damage.

73. Furthermore, New Age filed the Amazon Complaints knowing that the '903 Patent's claims have been amended during reexamination—either directly or because they depend from a now-amended claim—and cannot be enforced as originally issued.

74. New Age knew, at the time it filed the Amazon Complaints, that the '903 Patent's original claims were rejected as unpatentable by the USPTO.

75. New Age did not appeal the USPTO's initial rejection of the '903 Patent's claims as invalid in light of prior art. Instead, New Age amended its claims to avoid the prior art cited by the USPTO.

76. Therefore, at the time it filed the Amazon Complaints to assert the '903 Patent's original claims, New Age had no reasonable, good-faith basis to believe that *even a single* original claim of the '903 Patent remained valid and enforceable.

77. In amending its claims, New Age knowingly relinquished its rights in the original claims of the '903 Patent.

78. Thus, New Age's Amazon Complaints amount to assertions of New Age's extant patent rights in excess of their scope or duration.

79. The Amazon Complaints also amount to willful, bad-faith assertions of its extant patent rights.

80. The Amazon Complaints therefore constitute patent misuse.

## NEW AGE'S TRADE DRESS ASSERTIONS

81.     In the 2023 Demand Letter, New Age also alleged infringement of New Age's trade dress rights in the packaging for its 5DS and 6DS mouthpieces, writing in relevant part:

> Moreover, we note that Dental Choice is copying New Age's Trade Dress rights related to its packaging and contents. . . . For example, Dental Choice copies the rectangular shape of the packaging, copies the foil material used in the packaging, copies the zip-lock enclosure on the packaging, copies in providing a carrying case for the enclosed product and in the shape of said carrying case, and copies in providing an enclosed carabiner for attachment to the carrying case.

Ex. 3.

82.     On information and belief, the identified elements of New Age's trade dress are, both alone and in combination, plainly functional and not eligible for trade dress protection. The alleged rectangular shape of the New Age packaging, the use of foil material for the packaging, and the use of a re-sealable zipper are, whether considered individually or collectively, utilitarian, non-distinctive, and functional. Foil is recognized as a less expensive material to use for packaging and, on information and belief, has been widely recognized as functional. Likewise, on information and belief, a re-sealable closure for packaging is entirely functional.

83.     On information and belief, New Age's asserted trade dress is also non-distinctive, with similar third-party products being available in the marketplace with substantially similar features.

84.     On information and belief, New Age has not filed an application to register the trade dress asserted in the Demand Letter. Ex. 3.

85.     On information and belief, New Age does not own a United States Registration directed to the trade dress asserted in the Demand Letter. Ex. 3.

86.     On information and belief, New Age has no evidence of actual consumer confusion between its alleged trade dress and the packaging of the Accused Products.

87.     The packaging of the Accused Products clearly display the mark AIRWAAV®.

88.     As a result of New Age's actions and statements, an actual, justiciable controversy regarding the enforceability New Age's asserted trade dress and/or infringement of New Age's asserted trade dress by Dental Choice's products.

89.     Absent a declaration of non-infringement, or unenforceability, New Age will continue to wrongfully allege that the Dental Choice's infringe the asserted trade dress and thereby cause Dental Choice continuous irreparable injury and damage.

**FIRST CLAIM FOR RELIEF**
**Unenforceability of the '903 Patent**

90.     Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 89 inclusively as if fully set forth herein.

91.     Dental Choice offers to sell, and sells, the Accused Products in interstate commerce.

92.     This is a declaratory judgment action under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Dental Choice seeks relief from this Court because there is an actual, justiciable controversy between the parties, including New Age's prevention of Dental Choice's sales of the Accused Products on Amazon.com.

93.     New Age substantively amended the independent claims of the '903 Patent during reexamination to avoid one or more rejections over prior art.

94.     As a consequence of New Age's voluntary amendments to the original claims of the '903 Patent, New Age relinquished its right to enforce those original claims.

95.     The original claims of the '903 Patent are no longer enforceable and cannot be asserted against any of Dental Choice's products, including the Accused Products.

96.     Dental Choice seeks a declaration that the '903 Patent's original claims are no longer enforceable and cannot be asserted against any of Dental Choice's products, including the Accused Products.

## SECOND CLAIM FOR RELIEF
### Invalidity of the '903 Patent

97.     Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 96 inclusively as if fully set forth herein.

98.     This is a declaratory judgment action under the Patent Laws of the United States, 5 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Dental Choice seeks relief from this Court because there is an actual, justiciable controversy between the parties, including New Age's prevention of Dental Choice's sales of the Accused Products on Amazon.com.

99.     The claims of the '903 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. § 1 *et seq.*, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created basis for invalidation.

100.    By way of illustration, and not limitation, original claims 1 and 2 of the '903 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 for the reasons set forth in the Non-Final Rejection. *See* Ex. 4.

101.    Because the original claims of the '903 Patent have contained these defects since they were originally issued, those claims have always been invalid.

102.    Dental Choice seeks a declaration that the original claims of the '903 Patent are invalid and that Dental Choice has not infringed any valid and enforceable patent rights arising from the '903 Patent.

**THIRD CLAIM FOR RELIEF**
**Non-Infringement of the '903 Patent**

103.    Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 102 inclusively as if fully set forth herein.

104.    Dental Choice offers to sell, and sells, the Accused Products in interstate commerce.

105.    This is a declaratory judgment action under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Dental Choice seeks relief from this Court because there is an actual, justiciable controversy between the parties, including New Age's prevention of Dental Choice's sales of the Accused Products on Amazon.com.

106.    Each of the Accused Products is substantially different from any neuromuscular oral appliances as claimed in the '903 Patent, does not include all of the elements of any of the claims of the '903 Patent, and hence does not infringe, directly or indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claims of the '903 Patent (either as originally issued or as currently amended).

107.    By way of illustration, and not limitation, the Accused Products do not include a wire, as recited by certain claims, including the '903 Patent's independent claims 1 and 20.

108.    The Accused Products also do not include at least a pliable elastic bite pad, nor are the Accused Devices designed to partially collapse, and/or partially and elastically collapse, as recited by each of the '903 Patent's independent claims.

109.    Dental Choice seeks a declaration that the Accused Products do not infringe the '903 Patent.

## FOURTH CLAIM FOR RELIEF
**Patent Misuse**

110.    Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 109 inclusively as if fully set forth herein.

111.    This is a declaratory judgment action under the Patent Laws of the United States, 5 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Dental Choice seeks relief from this Court because there is an actual, justiciable controversy between the parties, including New Age's prevention of Dental Choice's sales of the Accused Products on Amazon.com.

112.    In asserting claims of the '903 Patent for enforcement to Amazon.com, New Age held out, and holds out, that those claims as valid.

113.    However, as New Age knows, several claims of the '903 Patent have been held unpatentable by the USPTO during *ex parte* reexamination.

114.    Specifically, as New Age knows, all independent claims of the '903 Patent were amended during reexamination to avoid rejections over prior art.

115.    Consequently, and as New Age also knows, the original claims of the '903 Patent were no longer enforceable when it asserted those claims against the Accused Products.

116.    Further, based on the reexamination of the '903 Patent, including rejections of the claims and New Age's own amendments to the claims, New Age had no reasonable expectation that the claims of the '903 patent were valid as originally issued when it asserted those claims against the Accused Products.

117.    The July 2025 Letter advised New Age that any attempts to enforce the '903 Patent's original claims as amended would constitute bad faith.

118.    Enforcing or attempting to enforce claims beyond their scope or duration constitutes "impermissible broadening" of New Age's rights in the '903 Patent.

119.    The '903 Patent's claims are unenforceable due to New Age's patent misuse.

120.    Dental Choice seeks a declaration that the '903 Patent is unenforceable as a result of New Age's patent misuse.

**FIFTH CLAIM FOR RELIEF**
**Lanham Act Unfair Competition**

121.    Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 120 inclusively as if fully set forth herein.

122.    New Age asserted, including in the Amazon Complaints, that Dental Choice's AIRWAAV® products infringed on the '903 Patent.

123.    However, Dental Choice's AIRWAAV® products did not infringe the '903 Patent and/or the '903 Patent's claims were invalid or unenforceable as to those products.

124.    Thus, New Age's statements were false.

125.    New Age's assertions deceived or had the capacity to deceive a substantial segment of potential customers regarding infringement.

126.    That deception was or would have been material.

127.    Dental Choice's AIRWAAV® products are and/or were, at the time of the New Age's statements, for sale in interstate commerce, including on Amazon.com.

128.    New Age knew, at the time of its statements, that Dental Choice's AIRWAAV® products did not infringe any valid and enforceable claims of the '903 Patent, including because of the July 2025 Letter.

129.    New Age's statements enforcing the '903 Patent were, therefore, objectively baseless.

130. Thus, New Age's statements enforcing the '903 Patent were made in bad faith.

131. New Age's statements asserting the '903 Patent constitute violations of the Lanham Act.

132. Dental Choice has sustained damages as a result of New Age's violations of the Lanham Act.

## SIXTH CLAIM FOR RELIEF
### Kentucky Common-Law Unfair Competition

133. Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 132 inclusively as if fully set forth herein

134. New Age asserted, including in the Amazon Complaints, that Dental Choice's AIRWAAV® products infringed on the '903 Patent.

135. Dental Choice's AIRWAAV® products did not infringe the '903 Patent and/or the '903 Patent's claims were invalid or unenforceable as to those products.

136. Thus, New Age's statements were false.

137. New Age's assertions deceived or had the capacity to deceive a substantial segment of potential customers regarding infringement.

138. That deception was or would have been material.

139. Dental Choice's AIRWAAV® products are and/or were, at the time of New Age's statements, for sale in interstate commerce, including on Amazon.com.

140. New Age knew, at the time of its statements, that Dental Choice AIRWAAV® products did not infringe any valid and enforceable claims of the '903 Patent, including because of the July 2025 Letter.

141. New Age's statements asserting the '903 Patent were, therefore, objectively baseless.

142.    Thus, New Age's statements asserting the '903 Patent were made in bad faith.

143.    New Age's statements asserting the '903 Patent constitute unfair competition.

144.    Dental Choice has sustained damages as a result of New Age's unfair competition.

## SEVENTH CLAIM FOR RELIEF
### Non-Infringement of Trademarks and Trade Dress

145.    Dental Choice re-avers and re-states the foregoing Paragraphs 1 – 144 inclusively as if fully set forth herein.

146.    This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

147.    There is an actual, justiciable controversy between the parties, including New Age's prevention of Dental Choice's sales of the Accused Products on Amazon.com and given New Age's demand to Dental Choice to cease and desist manufacture not only of the Accused Products but also as to the manufacture, sale, or offering for sale of other similar products.

148.    The packaging associated with any of the Accused Products is not likely to be confused with the asserted trade dress of New Age.

149.    Accordingly, Dental Choice is entitled to declaratory judgment that it is not infringing, has not directly or indirectly infringed, and is not liable for infringing any allegedly enforceable trade dress rights owned by New Age relating to the sale of mouth guard products, including, but not limited to, the 5DS and 6DS, either directly or by inducing others to infringe or by contributing to infringement by others.

## EIGHTH CLAIM FOR RELIEF
### Unenforceability of Trademark and Trade Dress – Product Packaging

150.    Dental Choice re-avers and re-states the foregoing Paragraphs 1 - 149 inclusively as if fully set forth herein.

151.    This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq., the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

152.    Dental Choice seeks relief from this Court because there is an actual, justiciable controversy between the parties, including New Age's prevention of Dental Choice's sales of the Accused Products on Amazon.com and given New Age's demand to Dental Choice to cease and desist manufacture not only of the Accused Products product but also as to the manufacture, sale, or offering for sale of other similar products.

153.    Dental requests a declaratory judgment that New Age's alleged trade dress rights for the product packaging used in conjunction with its mouth guard products, including, but not limited to the 5DS and 6DS, lack the requisite legal requirements to be protectable and enforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Dental Choice prays that this Court enter judgment as follows:

a.      Finding that each claim of U.S. Patent No. 9,022,903 is unenforceable;

b.      Finding that each claim U.S. Patent No. 9,022,903 is invalid;

c.      Finding that, as concerns the Accused Products, Dental Choice has not infringed, induced others to infringe, or contributed to infringement of any of the claims of U.S. Patent No. 9,022,903;

d.      Enjoining New Age, its officers, agents, counsel, servants, and employees and all persons in active concert or participation with any of them, from charging infringement of or

instituting any action for infringement of U.S. Patent No. 9,022,903 against Dental Choice or its customers, including making such claims or charges to or via Amazon.com;

e.    Awarding Dental Choice a monetary judgement based on (1) New Age's profits, (2) damages sustained by Dental Choice, and (3) costs of the action, as permitted by 15 U.S.C. § 1117(a);

f.    Finding that New Age's alleged trade dress lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

g.    Finding that Dental Choice has not infringed any valid, distinctive, and enforceable trade dress rights owned by New Age relating to the sale of mouthpieces;

h.    Enjoining New Age, its officers, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them from charging infringement of or instituting any action for infringement of the alleged trade dress against Dental Choice or its customers, including making such claims or charges to or via Amazon.com;

i.    Entering a temporary restraining order (if applicable), a preliminary injunction, and a final and permanent injunction against New Age, and in favor of Dental Choice (1) directing New Age to retract any notices of infringements, including but not limited to those filed with Amazon.com, and (2) prohibiting New Age from making further claims of infringement, from taking any further steps or acts that could cause Dental Choice's products to be taken down or otherwise de-listed, and from preventing Dental Choice's products from being re-listed, based on U.S. Patent No. 9,022,903 or the trade dress at issue in this case;

j.    Finding that is an exceptional case under 35 U.S.C. § 285 and awarding Dental Choice its reasonable attorneys' fees in this action, including costs and expenses;

24

k.      Finding that is an exceptional case under 15 U.S.C. § 1117(a) and awarding Dental Choice its reasonable attorneys' fees in this action, including costs and expenses; and

l.      Granting Dental Choice such further necessary and proper relief as justice may require.

Dental Choice further requests a jury on all claims so triable.


Respectfully submitted,

/s/ *J. Tanner Watkins*
J. Tanner Watkins
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile: (502) 585-2207
tanner.watkins@dinsmore.com

and


Mark D. Schneider (P55253)
Christopher VanDeusen (BBO #699275)
Dinsmore & Shohl LLP
755 West Big Beaver Road
Suite 1900
Troy, Michigan 48084
Telephone: (248) 203-1642
mark.schneider@dinsmore.com
christopher.vandeusen@dinsmore.com
*Pro Hac Vice to Follow*

*Counsel for Plaintiff*
*Dental Choice Holdings LLC*

Dated: October 14, 2025